UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YASMEEN JAMEELAH JOYCE MOMIN,

     Plaintiff,

v.                                   Case No:  6:14-cv-1471-Orl-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff, Yasmeen Jameelah Joyce Momin, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 18) setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, Standard of Review, Procedural History, Factual Background and the ALJ's Decision**

**A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v).  If the claimant is capable of performing other work, she will be found not disabled. *Id*.  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989).  There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert.  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for a period of disability and DIB on September 12, 2012, alleging an onset date of June 15, 2008.  (Tr. 9, 167).  Plaintiff's application was denied initially on March 28, 2013, and upon reconsideration on June 14, 2013.  (Tr. 89, 97).  A hearing was held before Administrative Law Judge Chester A. Senf (the "ALJ") on January 14, 2014.  (Tr. 33-53). The ALJ thereafter entered a decision finding Plaintiff not disabled on March 4, 2014.  (Tr. 9-18). The Appeals Council denied Plaintiff's request for review on July 16, 2014.  (Tr. 1).  Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on September 8, 2014.  The parties having filed a Joint Memorandum of law in support of their positions, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of June 15, 2008, through her date last insured of December 31, 2013.  (Tr. 11).  At step two, the ALJ found that Plaintiff has the following severe impairments:  low back pain, obesity, and osteoarthritis.  (Tr. 11).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). At step four, the ALJ found that Plaintiff is incapable of performing her past relevant work as a nurse assistant. (Tr. 16).

At step five, the ALJ applied the Grids which directed a finding of "not disabled." (Tr. 17). The ALJ concluded that Plaintiff was not under a disability at any time from June 15, 2008, the alleged onset date, through December 31, 2013, the date last insured. (Tr. 17).

## II.     Analysis

The parties Joint Memorandum raises three issues on appeal. They are, as set forth in the Joint Memorandum, as follows: (1) whether the ALJ properly determined that the claimant's mental impairments were "non-severe" and whether the ALJ's RFC determination is supported by substantial evidence; (2) whether the ALJ failed to obtain vocational expert testimony at Step 5 of the sequential evaluation process; and (3) whether the ALJ failed to consider the side effects of medications on the claimant's functioning. The Court will address each issue in turn.

### a) Whether the ALJ properly determined that the claimant's mental impairments were "non-severe" and whether the ALJ's RFC determination is supported by substantial evidence.

Plaintiff argues that the ALJ's determination that her mental impairments were "non-severe" was not based upon the substantial evidence of record. (Doc. 18 p. 22). According to Plaintiff, the ALJ did not consider the totality of mental impairment evidence from the record "as a whole," but cited only to record evidence that tended to support his finding that Plaintiff's mental impairments were "non-severe." Further, Plaintiff contends that the ALJ erred by giving only "little weight" to the opinions of nonexamining medical expert reviewers, Drs. Sanchez and Maki,

who each found that Plaintiff had a "severe" mental impairment and "moderate" limitations in several areas of mental functioning.  (Doc. 18 p. 22).

In response, Defendant argues that the ALJ's finding about the severity of a claimant's impairments at step two of the sequential evaluation process is not a basis for finding reversible error, as step two is a threshold step that is satisfied if at least one severe impairment is found by the ALJ.  (Doc. 18 p. 27).  Defendant notes that the ALJ found that Plaintiff had severe impairments and considered all of Plaintiff's impairments in combination throughout the subsequent steps of the sequential evaluation process in accordance with Eleventh Circuit law.  (Doc. 18 p. 28).  In addition, Plaintiff argues that substantial evidence supports the ALJ's determination that Plaintiff's mental impairment would not prevent her from performing basic mental demands of unskilled work.  (Doc. 18 p. 28).

Step two operates as a threshold inquiry.  *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).  According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010).   If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).   "In this sense, step two functionally operates 'as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy

the requirement of step two.'" *Smith v. Colvin*, 2015 WL 328240, at *4 (M.D. Fla. Jan. 26, 2015)

(quoting *Jamison,* 814 F.2d at 588).

In this case, the ALJ determined that Plaintiff had several severe impairments (low back

pain, obesity, and osteoarthritis), and thus proceeded to step three in the sequential analysis.  The

ALJ stated that he considered all of Plaintiff's impairments, individually and in combination.

(Tr. 13).  Thus, any error the ALJ may have committed by failing to find that Plaintiff's mental

impairments were not severe is rendered harmless.  *See Heatley*, 382 F. App'x at 824-25 ("Even

if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the

error was harmless because the ALJ concluded that Heatly had a severe impairment: and that

finding is all that step two requires.").

In addition, beyond the requirements of step two, substantial evidence supports the ALJ's

determination that Plaintiff's mental impairments were not severe.  While Plaintiff cites to the

medical evidence of record to show that Plaintiff's GAF scores were below 61 numerous times,

and that Plaintiff's complained of mood swings, depression, hopelessness, confusion, poor

concentration, poor sleep, anxiety, and auditory/visual hallucinations from 2007 through 2013,

the Court finds that the ALJ's findings were nevertheless supported by substantial evidence.  In

his decision, the ALJ noted that the record reflects that Plaintiff was mostly independent in her

activities of daily living.  (Tr. 12, 222-25, 238-45).  For example, in her function reports, Plaintiff

emphasized that her physical impairments are what impacted her ability to work (Tr. 225, 238)

and the limitations she described were mostly due to alleged pain from her physical impairments.

(Tr. 222-25, 238-45).  Mental status examinations throughout the period she alleged she was

disabled most consistently include normal findings as to her mood, affect, and speech and she

was cooperative and had good eye contact.  (Tr. 12, 291, 293, 319, 324, 329, 366-67, 409, 413,

419, 425, 430, 435, 440, 445, 450, 455, 488, 491, 495, 502, 506, 510, 514, 518, 527, 531, 535, 549).  Further, despite her complaints, Plaintiff displayed fair to good insight, judgment, memory, and concentration.  (Tr. 12, 291, 294, 319, 324, 329, 409, 413, 419, 425, 430, 435, 440, 445, 450, 455, 459, 463, 585, 590, 596).  Her treatment notes also show that at times Plaintiff specifically reported doing okay (Tr. 12, 324, 445, 450) or that her mental health condition was under good control and she had no complaints.  (Tr. 291, 476).  The ALJ further noted that Plaintiff had multiple instances of non-compliance with her medication, undermining her assertions about the severity of her conditions.  (Tr. 12, 292, 298-99, 440).  Further, Plaintiff reported having had her mental impairments her entire adult life, but the conditions had not prevented her in the past from sustaining work activity.  (Tr. 292).  While Plaintiff reported experiencing depression, she very rarely appeared depressed on examination and most often displayed no impairment in her ability to concentrate or care for her appearance.  (Tr. 12, 291, 293, 319, 324, 329, 366-67, 409, 413, 419, 425, 430, 435, 440, 445, 450, 455, 488, 491, 495, 502, 506, 510, 514, 518, 527, 531, 535, 549).

Further, the Court finds that the ALJ did not err by according little weight to the opinions of state agency medical consultants Dr. Sanchez and Dr. Maki.  The ALJ sufficiently explained his reasoning for giving "little weight" to these opinions, stating "as previously indicated, the claimant was consistently alert and oriented, cooperative with examiners, maintained good eye contact, and her speech was normal on mental status."  (Tr. 13).  In any event, while both Dr. Sanchez and Maki found that Plaintiff had a severe mental impairment, each physician found that Plaintiff could understand, retain, and carry out simple instructions; consistently and usefully perform routine tasks on a sustained basis; and cooperate effectively with the public and co-

workers in completing a simple tasks and transactions.  (Tr. 64, 81).  Moreover, both found that

Plaintiff "is able to meet the basic mental demands of work on a sustained basis."  (Tr. 64, 81).

As noted above, even if the evidence preponderated against the Commissioner's findings,

we must affirm if the decision reached is supported by substantial evidence." *Crawford v.*

*Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439

(11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Considering the

foregoing, substantial evidence supports the ALJ's finding that Plaintiff's mental impairments

would not prevent her from performing the basic mental demands of unskilled work.

**b)  Whether the ALJ failed to obtain vocational expert testimony at Step 5 of the sequential evaluation process.**

Plaintiff's second argument is contingent on the first.  Plaintiff argues that if the Court finds

reversible error in the ALJ's failure to properly determine the claimant's mental impairments as

"severe," this Court must find that the ALJ erred by failing to obtain vocational expert testimony

at step five.

If a claimant's nonexertional limitations do not significantly limit her basic work skills, the

ALJ may rely on the Grids to determine if the claimant is disabled.  *See Philips v. Barnhart*, 357

F.3d 1232, 1242-43 (11th Cir. 2004).    As explained at length above, the Court finds that the ALJ

did not err by failing to find that Plaintiff's mental impairments were "severe."   Plaintiff's

nonexertional limitations do not limit her basic work skills and the ALJ appropriately relied on the

Grids to determine that there were jobs Plaintiff could have performed.

**c)  Whether the ALJ failed to consider the side effects of medications on the claimant's functioning.**

Plaintiff argues that the ALJ erred by failing to evaluate Plaintiff's medication's side effects

on her functioning, despite substantial medical evidence of Plaintiff's longstanding use of

prescribed psychotropic medications and her frequent complaints to her providers of medication side effects. (Doc. 18 p. 35). Defendant responds that the ALJ specifically recognized Plaintiff's complaints of side effects, but that the ALJ's decision shows he considered all of Plaintiff's subjective complaints and found them not fully credible. (Doc. 18 p. 36).

The Court finds that the ALJ did not err by failing to consider the side effects of Plaintiff's medications on her functioning.  In his decision, the ALJ specified that he "considered all symptoms and the extent to which these symptoms can be reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 13).  An ALJ does not have to refer to all the evidence of record in his decision as long as his decision shows that the claimant's condition as a whole was considered.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Thus, while the ALJ did not expressly discount each of Plaintiff's complaints of side effects in his decision, the ALJ's decision is not rendered erroneous.

In any event, the record does not support Plaintiff's claim that her work ability was diminished by medication side effects.  A majority of Plaintiff's treatment notes reflect no complaint of side effects from medication (Tr. 291, 319, 324, 329, 419, 425, 430, 435, 440, 445, 455, 463, 585, 590, 596), and Plaintiff expressly denied any problems with her medication. (Tr. 352, 357).  The record also reflects that Plaintiff's usage of Trazodone was discontinued after Plaintiff's first complaint of side effects. (Tr. 414).  As for Plaintiff's complaints from Proloxin, which she reported made her feel "zombie-ish" on one occasion, her treatment notes show that she still had fair concentration, good memory, normal speech, and euthymic mood. (Tr. 459).

Plaintiff has failed to show that the ALJ erred by failing to consider her complaints of side effects.  The Court will not disturb the ALJ's findings on appeal.

**III.     Conclusion**

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 25, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties